UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

LAURA F. KENNEY,

    Plaintiff,                      Civil Action No. 14-12721
                                   Honorable Paul D. Borman
          v.                        Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART
PLAINTIFF'S APPLICATION FOR ATTORNEY FEES [R. 21]**

**I.     INTRODUCTION**

Plaintiff Laura F. Kenney initiated this suit on July 11, 2014, seeking judicial review of Defendant Commissioner of Social Security's ("Commissioner") determination that she is not entitled to disability insurance benefits. [R. 1]. On January 14, 2015, the Court entered a stipulation and order remanding the case to the Commissioner, and judgment was entered in favor of Kenney. [R. 19; R. 20]. On January 30, 2015, Kenney filed an application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which the Honorable Paul D. Borman referred to the undersigned for Report and

Recommendation pursuant to 28 U.S.C. § 636(b)(3).  [R. 21; R. 22].

Kenney requests attorney fees in the amount of $5,738.87, representing 30.75 hours at a proposed hourly rate of $186.63.  After reviewing the parties' briefs and the relevant case law, the Court **RECOMMENDS** that Kenney's application for attorney fees [R. 21] be **GRANTED IN PART**.

## II.   LEGAL STANDARD

Under the EAJA, a "prevailing party" in a civil action "brought by or against the United States" is entitled to reasonable attorney fees incurred in that action unless "the position of the United States was substantially justified or … special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); § 2412(d)(2)(A); *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014).  The Court has broad discretion in determining whether to award fees under the EAJA.  *Fisher v. Comm'r of Soc. Sec.*, No. 14-13881, 2015 WL 4944385, at *1 (E.D. Mich. Aug. 19, 2015) (Drain, J.).  However, the Sixth Circuit has cautioned lower courts against "rubber stamp[ing]" EAJA fee applications, especially where a party requests an increased hourly rate based on inflation.  *See Begley v. Sec'y of Health and Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

## III.   DISCUSSION

### A.   Amount of Attorney Fees

There is no dispute that Kenney is entitled to an award of attorney fees under the EAJA.  She is the prevailing party; her request for fees was timely; and the Commissioner does not argue that its position was substantially justified.  The only matter in dispute is whether the fees Kenney requested are reasonable.  While the Commissioner concedes that the amount of hours Kenney's counsel billed was reasonable, it contends that Kenney fails to support an enhanced hourly rate above $125.

It is the district court's responsibility to determine what fee is "reasonable."  *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) (citation omitted).  In contemplating what constitutes "reasonable attorney fees," the EAJA provides:

> The amount of fees awarded under this subsection shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  A plaintiff requesting an increased hourly rate bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those

3

prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citation omitted).

In addition to her attorney's affidavit, Kenney relies on the Bureau of Labor Statistics' Consumer Price Index ("CPI") to show that her requested hourly rate of $186.63 is a reasonable amount under the EAJA based on an increase in the cost of living. Kenney arrived at the $186.63 hourly rate by multiplying the statutory rate of $125 by the percentage change in the CPI from March 1996 – when the EAJA established the $125 hourly rate – to the CPI in the first half of 2013. [R. 21-2, PgID 487-88]. Kenney further provides the 2010 Michigan Bar Association Survey on attorney hourly rates as well as declarations from three local practitioners to show that her requested hourly rate is comparable to the prevailing rate for legal practitioners in the area. [R. 21-4, PgID 490-92; R. 21-5, PgID 504].

Although each of the three attorneys who provided sworn statements charge over $200 per hour for legal services, none of them practice Social Security disability law. [R. 21-4, PgID 490-92]. Therefore, these affidavits fail to provide persuasive evidence regarding the prevailing hourly rate of Social Security practitioners. *See Fisher*, 2015 WL 4944385, at *3 (finding the affidavits of attorney who do not practice Social Security disability law

4

to be "either irrelevant or unpersuasive" to deciding whether plaintiff's requested rates were reasonable); *cf. Bryant*, 578 F.3d at 450 (requiring that requested rates only be in line with prevailing rates in the community for "similar services"). Similarly, although one of Kenney's affiants alleges that only a limited number of attorneys in the local area accept federal Social Security appeals, [R. 21-4, PgID 490], the relevant inquiry is the number of attorneys who are *qualified* to handles such cases, not how many are willing. *See Fisher*, 2015 WL 4944385, at *2-*3.

The Court also finds that the 2010 Michigan Bar Association Survey on attorney hourly rates does not constitute sufficient evidence to support Kenney's requested hourly rate. The 2010 Survey indicates that the hourly billing rate for the 25th percentile of attorneys working in "Administrative Law" was $180. [R. 21-5, PgID 504]. In *Fisher*, the court found that such information in the 2014 Michigan Bar Association Survey was not dispositive under the "similar services" inquiry in *Bryant* because the "Administrative Law" heading encompassed too many other practice areas to be a reliable indicator as to the Michigan rates for Social Security cases. *See Fisher*, 2015 WL 4944385, at *4. *But see Pizzo v. Comm'r of Soc. Sec.*, No. 13-11344, 2014 WL 7157129, at *5 (E.D. Mich. Dec. 15, 2014) (finding that the 2010 Michigan Bar Association Survey on attorney hourly

rates, combined with the affidavit of plaintiff's attorney and CPI data, was sufficient to justify an increased hourly rate).

Nevertheless, many recent cases in this District demonstrate that the prevailing market rate for Social Security practitioners is greater than $125 per hour – especially when considered with the other evidence provided. *See, e.g.*, *Fisher*, 2015 WL 4944385, at *5 ($150 hourly rate); *Pizzo*, 2014 WL 7157129, at *1 ($187.02 hourly rate); *Crooks v. Comm'r of Soc. Sec.*, No. 12-13365, 2014 WL 3400697, at *6 (E.D. Mich. July 10, 2014) (Borman, J.) ($178.77 and $181.75 hourly rate for attorneys and $125 hourly rate for law clerk); *Phillips v. Comm'r of Soc. Sec.*, No. 12-10016, 2013 WL 5313200, at *3 (E.D. Mich. Sept. 20, 2013) (Borman, J.) ($173.00 hourly rate); *Hamilton v. Comm'r of Soc. Sec.*, No. 09-111553, 2011 WL 10620498, at *1 (E.D. Mich. Aug. 15, 2011) ($170 and $172 hourly rate for attorneys and $125 hourly rate for law clerk), adopted by 2013 WL 1759137 (E.D. Mich. Apr. 24, 2013) (O'Meara, J.). Although "rates awarded in other cases do not set the prevailing market rate…[they] can … provide some inferential evidence of what a market rate is, just as state-bar surveys of rates provide evidence of a market rate, but themselves do not set the rate." *B&G Min., Inc. v. Director, Office of Workers' Compensation Programs*, 522 F.3d 657, 664 (6th Cir. 2008).

Based on the numerous cases suggesting that the prevailing hourly rate in this District for Social Security disability practitioners exceeds $125, and considering the statutory hourly rate of $125 has not been changed since 1996, the Court "determines that an increase in the cost of living … justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *Begley*, 966 F.2d at 200 (adjustments for increases in the cost of living are left to the discretion of the district court). After carefully considering all relevant information – including, but not limited to, evidence of the prevailing market rates, CPI data, and the experience of Kenney's counsel[1] – the Court finds that an hourly fee of $170 is appropriate.

Thus, the Court recommends awarding Kenney EAJA fees for 30.75 hours at the rate of $170 per hour, for a total of $5,227.50.

B.   **Who Gets the Fees?**

Kenney requests that the fees be paid directly to her attorney. However, the Supreme Court has held that EAJA attorney fees belong to the plaintiff, not the plaintiff's attorney, and that the award of fees may be "offset to satisfy a pre-existing debt that the litigant owes the United

---

[1] Kenney's attorney was admitted to the State Bar of Michigan in November 2008 and has practiced exclusively in Social Security law since 2009. [R. 21-4, PgID 493]. The 2010 Michigan Bar Association Survey indicates that the hourly billing rate for the 25th percentile of attorneys with six to ten years of experience is $163. [R. 21-5, PgID 501].

7


States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). In practice, attorney fees are still paid to a plaintiff's attorney where the plaintiff does not owe a debt to the government. See *Phillips*, 2013 WL 5313200, at *3-4.

Here, the Commissioner states that it will not know whether Kenney has any pre-existing debts subject to offset until after an award of attorney fees is granted. Thus, the Court recommends that the Commissioner be required to determine whether a pre-existing debt exists that would offset the EAJA fees. If no pre-existing debt exists, the EAJA fees should be paid directly to Kenney's attorney.

## IV.   CONCLUSION

For the preceding reasons, the Court **RECOMMENDS** that Kenney's Application for Attorney Fees [R. 21] be **GRANTED IN PART**, to the extent that EAJA fees be awarded in the amount of $5,227.50.

Furthermore, the Commissioner should be given 14 days from the date of a final order to determine whether Kenney owes the United States a pre-existing debt that would offset the EAJA fees. If no such debt is owed, the EAJA fees should be paid directly to Kenney's attorney. If a pre-existing debt exists, the EAJA fees should be offset by the amount of the debt, with any remainder being paid to Kenney's attorney.

                                        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
                                        United States Magistrate Judge

Dated: September 29, 2015

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to

9

the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2015.

                                           s/Marlena Williams
                                           MARLENA WILLIAMS
                                           Case Manager